# IN THE UNITED STATES DISTRICT COURT FOR THE
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| United States of America | Case No. 1:20-MJ-287 |
| v. | |
| Reginald BUREAU | **UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF A COMPLAINT, ARREST WARRANT, AND SEARCH WARRANT

I, Michael T. Gruchacz, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") and am currently assigned to the Global Trade Investigations (GTI) Group in Washington, DC. I have 21 years of law enforcement experience to include being employed as a Police Officer with the Washington DC Metropolitan Police Department and as a Special Agent with the United States Department of State. I have knowledge of the laws and regulations relating to the illegal exportation and importation of weapons, technology, and other controlled commodities. I am empowered by law to investigate and make arrests for violations of federal law, including the unlawful importation and exportation of merchandise and contraband into and out of the United States.

2. The facts set forth in this affidavit are based on information that I have obtained from my personal involvement in the investigation and from other law enforcement officers who have been involved in this investigation, on documents that I have reviewed, and on my training and experience.

3. This affidavit is made in support of a search warrant at the residence of 15063 Maple Glen Ct, Dumfries, VA 22025 (TARGET RESIDENCE) as well as a criminal complaint and arrest warrant for Reginald BUREAU. I believe that a search of this residence will bear fruit of a crime, specifically,

possession of stolen U.S. Government Property, which was offered for sale on Ebay. Specifically, an item contained on the United States Munitions List, (USML), a Microsemi S650 SAASM GPS device. I have spoken with industry experts, who have determined that according to the manufacturer, SAASM GPS receivers, when loaded with a special crypto key, can track the secret military GPS signals broadcast from GPS satellites. All SAASM receivers are controlled by the U.S. Air Force, GPS Directorate (GPSD), who determines what entities can own a SAASM receiver and where it can be shipped outside of military control. According to the manufacturer, civilians are not allowed to possess a SAASM receiver. In addition, SAASM receivers can only be shipped between GPSD approved secure locations, which maintain specific rules regarding how the SAASM receiver must be secured in controlled areas or safes. According to the DDTC, the SAASM is a U.S. Munitions List (USML) item (Category XII(e)(10), "Fire Control, Laser, Imaging, and Guidance Equipment") and export controlled pursuant to the Arms Export Control Act and International Traffic in Arms Regulations. The Microsemi also comes in a civilian version without a SAASM unit installed and is not controlled. According to Microchip Technology Inc., Peraton, Inc. is the only company in the Northern Virginia region who is authorized to store and maintain this equipment on behalf of the United States Government. Peraton, Inc. is located in Herndon, VA, and is confirmed to be the company where the stolen government equipment came from and is located within the Eastern District of Virginia.

## PREVIOUS LEGAL PROCESS

4. On September 24, 2020 I executed a search warrant at 5703 Caribbean Ct, Haymarket, VA, the residence of target one (hereinafter CD1) based on the probable cause outlined below. Subsequent interviews and interviews of employers has resulted in the identification of additional co-conspirators. This search warrant was sworn out before the honorable Magistrate Judge Michael

Nachmanoff.

## RELEVANT STATUTES

5.      Title 18, United States Code, Section 641, provides in relevant part that any individual whoever - Embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof... Shall be fined under this title or imprisoned not more than ten years, or both, so long as "the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case" exceeds the sum of $1,000. The statute defines the word "value" as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater."  CD1 posted a Microsemi S650 SAASM and an S650 non-SAASM unit for sale totaling $10,675.  The contract is a United States Air Force contract, FA8730-16-C-0009.

6.      Title 18, United States Code, Section 371 provides if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

## SUBJECTS OF INVESTIGATION

7.      CD1 is a Network Engineer who has held several positions for companies who specialize in Information Technology and Networking.  He has been employed by such companies as Fusion Management Services, CBEYOND, Megapath Services and COVAD Communications.  Many of these companies indicate that they provide work to Government Entities through contracts.

8.    Dominic MARTINEZ is a friend of CD1 and a United States Citizen, born in Bronx, New York.  MARTINEZ and CD1 were co-workers previously at Covad Communications and still interact on a frequent basis.  MARTINEZ resides at 8506 Tackhouse Loop, Gainesville, VA 20155. (TARGET RESIDENCE 1)

9.    Reginald BUREAU is a United States Citizen who resides in Dumfries, Virginia, and is employed by Peraton, Inc. located in Herndon, Virginia, both within the jurisdiction of the Eastern District of Virginia.  BUREAU knows CD1 and MARTINEZ well.  BUREAU is in the shipping and receiving section of Peraton, Inc. and is in charge of storing sensitive items.  He has unfettered access to Peraton locations, specifically 460 Herndon parkway, Herndon, VA, a location where Peraton is doing government contract work for the U.S. Military.  BUREAU holds a Top-Secret Clearance and has access to sensitive U.S. Government locations.  BUREAU resides at 15063 Maple Glen Ct, Dumfries, VA. (TARGET RESIDENCE 2).  On October 15, 2020, I observed a white Mercedes registered to the wife of BUREAU parked in front of TARGET RESIDENCE 2.

## STATEMENT OF FACTS AND PROBABLE CAUSE

10.    On September 10, 2020, I received information from a source at Microchip Technology Inc., web domain owner of Microchip.Com, regarding one of their ITAR controlled items being posted for sale on Ebay by moniker "matrix_00".  The item listed is a SyncServer S650 SAASM GPS receiver.  SAASM stands for Selective Availability Anti Spoof Module and allows for encrypted Military GPS. The SyncServer S650 SAASM has a Collins Aerospace SAASM capable GPS receiver inside.  A SAASM GPS receiver, when loaded with a special crypto key can track the secret military GPS signals broadcast from the GPS Satellites.  All SAASM receivers are controlled by the United States Air Force, GPS Directorate (GPSD).  The GPSD controls who can own a SAASM receiver and

4

where it can be shipped outside of military control.  No civilian is allowed to possess a SAASM receiver and the receivers themselves are only allowed to be shipped between GPSD approved secure locations. Inside these secure locations there are rules surrounding how the SAASM receiver must be secured in controlled areas or safes.

11. HSI DC identified the moniker of the EBAY user name "matrix_oo", who is selling the Microsemi S650 SAASM and another Microsemi 650 without the SAASM, which is a civilian version but can be equipped with a SAASM for use in military GPS.  The subscriber of moniker "matrix_oo" was identified as CD1.

12. According to the profile that CD1 set up on Ebay, the SyncServer S650 SAASM is listed for sale in the amount of $5500.00 with location in "Herndon".  The non-SAASM unit contains the same identifiers but was listed for sale at $5175.00.  The profile also indicates matrix_oo resides in Haymarket, VA.

13. The SAASM (Selective Availability Anti Spoofing Module) is an ITAR controlled item under and is on the Munitions Control List under Category XII(e)(10), "Fire Control, Laser, Imaging, and Guidance Equipment".  This was confirmed through the submission of an EARS request to DDTC on September 11, 2020.

14. HSI DC obtained purchase orders from Microchip, the manufacturer of the SyncServer S650 SAASM as well as Air Force letterhead memos (ACN# EXLC002-20190227) indicating that they sold several devices (20) to Peraton, located in Herndon, VA under Government Contract FA8730-16-C-0009.  Any subsequent transfer/sale of any of the 20 units requires written approval of the Air Force GPS Directorate.  The purchase order dates are April 25, 2020 and July 1, 2020.  I have also reviewed Standard form 26, the Award/Contract from the United States Air Force to Peraton, Inc.

The contract clearly states that all equipment purchased or manufactured for the contract is Government Furnished Property (GFP). It also states that "The Government will furnish equipment purchased for installation.....The contractor shall maintain this equipment...."

15. I spoke with representatives at Peraton, Inc. who took inventory at their controlled storage facility, located at 460 Herndon Parkway and identified the following items as missing:

(1) S650 SAASM Receiver (Manufacturer – Microsemi, Serial Number SCA190200002B, Part Number 090-1520-650S-100);

(2) XLI SAASM Receiver (Manufacturer- Microsemi, Serial Number 1539T84656, Part Number 652-HAE-GBGRAM-700);

(3) S650 Non-SAASM Receiver (Manufacturer – Microsemi, Serial Number SCA1928000BF, Part Number 090-15200-650). According to Peraton, Inc. "The first two items are understood to be controlled technology items. All three items were being held and stored by Peraton at our 460 Herndon Parkway controlled storage area prior to being shipped to their installation destinations under our contract with the U.S. Government." While the Ebay postings do not show the serial numbers of the items CD1 posted for sale, there is confirmation of the exact same type of units that are missing from inventory from Peraton, the only company in Northern Virginia authorized to maintain this sensitive equipment.

16. I reviewed the posting that "matrix_oo" made for the SAASM unit which contained photographs of a box on top of a beige Corian type countertop with brown specs, a beveled edge and light-colored cabinets. (Photos 1-6 in attachment C)

17. Through an undercover email persona, HSI GTI agents established contact with

matrix_oo and asked the following questions and received the following answers: ( all typos are intentional)

18. On September 10, 2020 HSI agents asked "I am in Sterling VA. Can I come pick up and pay cash? You do not ship overseas right? I need this to go to Venezuela." Matrix_oo responded "sure,"

19. On September 11, 2020 HSI agents responded "Where? I see you have two for sale. The one I need is with SAASM." Matrix_oo responded "Can you pay via eBay and I'll ship it to you? I'll pay for shipping. My schedule is tight right now and can only provide shipping instead of a local pick up. Sorry." HSI DC Agents responded " Let me set up a PO Box. This still has the dual band GPS correct? I can give you a mail drop in Venezuela?" Matrix_oo responded, "Yeah that should work. Just send me the payment via eBay/PayPal."

20. On September 14, 2020, HSI DC Agents responded with "So how do i Know i am getting the anti spoof saasm. Also i am trying to keep my name clean since item is a government control part. My people want it clean and we try to trust the money goes and part ships. I will pay extra to go to venezuela but how do we confirm tracking." Matrix_oo responded with "Pay me via eBay/PayPal and I'll provide you with a tracking number once the item is shipped. This is a brand new SAASM unit with all the necessary bells and whistles." HSI DC Agents responded with "Can u send label pics and part number. Dont mean to be jerk but i need trust. Does have serial numbers?" Matrix_00 responded "I don't think you're being a jerk those are valid questions. Unfortunately, the units are located in a warehouse and will be shipped directly from the warehouse once purchased. I only have pictures of what is currently posted; sorry." HSI DC Agents responded "Is company or no just person. What company is" Matrix_oo responded "The name of my company is XXXX (name

7

protected) Technology."

21.    I reviewed photographs on Realtor.com and observed a photograph of the kitchen in CD1's residence.  The countertops are the same beige Corian type material with brown specs and the same beveled edge that appears in the Ebay sellers post. (Photograph 7 in attachment C).  This proves that the statement CD1 made above regarding the SAASM being shipped from a warehouse is false and that CD1 took the photograph from his kitchen and posted the unit for sale.  Furthermore, I reviewed photographs from the unsecured Facebook pages of CD1's wife and observed several photographs that were taken from the kitchen of the TARGET LOCATION and have CD1 in the photographs.  The same, light colored cabinets, beige Corian counter tops with brown specs and the same beveled edge appear in the Facebook photos and the Ebay posting.

## PROBABLE CAUSE ESTABLISHED SINCE SEARCH WARRANT EXECUTION

22.    On or about September 29, 2020, CD1 provided the following information.  CD1 met MARTINEZ while interviewing for a job at Covad Communications in 2003.  They became friends playing card games and sports together.  CD1 confirmed that MARTINEZ resides at TARGET RESIDENCE 1.  BUREAU is a friend of MARTINEZ who CD1 also met while playing cards.  CD1 started a company that fixes used, excised computers that companies no longer need due to being outdated.  BUREAU mentioned that he had an IT manager who can provide this equipment to CD1.  BUREAU began selling items to CD1 for $50-$200 a piece depending on what the items were.  CD1 would fix them and sell for profit on eBay.  According to CD1, BUREAU dropped off two items on his doorstep while CD1 was at work.  The items BUREAU dropped off are believed to have been inside TARGET RESIDENCE 2.  BUREAU asked CD1 to post them on eBay and sell them for him.  BUREAU assured CD1 that the items were old and no longer needed.  CD1 agreed to do BUREAU as

"favor." According to CD1, BUREAU did not have an established eBay record and sought CD1 to sell them because CD1 had an impeccable eBay sales rating.

23.     After the failed undercover purchase of the items, CD1 stated that he contacted BUREAU and MARTINEZ to give the items back to BUREAU. CD1 stated that he called BUREAU to arrange this, however, BUREAU stated that he was busy and for CD1 to take the items to MARTINEZ's residence where he would get them when he had time. CD1 did this.

24.     I reviewed call logs surrounding the failed undercover attempt when CD1 took the item off of eBay, on September 15, 2020 at 8:21 a.m. There were several missed and answered calls between CD1 and BUREAU as well as MARTINEZ. This corroborates the fact that CD1 stated he contacted both co-conspirators to return the items.

25.     I interviewed managers at Peraton who confirmed that BUREAU lives at the TARGET RESIDENCE 2. I further confirmed through Virginia DMV that BUREAU listed TARGET RESIDENCE 2 in support of his Virginia Driver's License. Since on or about September 15, 2020, Peraton has been assisting in a U.S. Government investigation regarding missing or stolen equipment. As part of the investigation, Peraton conducted an inventory of a storage area at our 460 Herndon Parkway, Herndon, VA 20170 location and, on or about September 21, 2020, confirmed that the following Selective Availability Anti-Spoofing Module (SAASM) items were missing:  (1) S650 SAASM Receiver (Manufacturer - Microsemi, Serial Number SCA190200002B, Part Number 090-1520-650S-100); (2) XLI SAASM Receiver (Manufacturer- Microsemi, Serial Number 1539T84656, Part Number 652-HAE-GBGRAM-700); and (3) S650 Non-SAASM Receiver (Manufacturer - Microsemi, Serial Number SCA1928000BF, Part Number 090-15200-650). The first two items are understood to be controlled technology items. All three items were being held and stored by Peraton at

the 460 Herndon Parkway storage area since at least 2019. The items were being stored at the 460 Hendon Parkway location prior to being shipped to their installation destinations under Peraton's contract with the U.S. Government.

26. BUREAU is a long-time employee of Peraton and its predecessor companies. BUREAU works on the company's shipping, receiving and property management team, holds a top secret security clearance, and has access to all Peraton facilities and storage locations, including the company's headquarters location at 12975 Worldgate Dr., Herndon VA 20170 and facility at 460 Herndon Parkway, Herndon, VA 20170, which was the storage location for the missing equipment. BUREAU accessed the 460 Herndon Parkway location, including its storage room, regularly during 2020 as part of his shipping, receiving and property management duties. The 460 Herndon Parkway facility requires a badge swipe to obtain access through its front and back entrances. A review of Peraton's badge records confirmed numerous instances of BUREAU accessing the 460 Herndon Parkway location between January 1, 2020 and September 15, 2020, sometimes several times in a single day. The badge-in records show that BUREAU entered the 460 Herndon Parkway location both through its front entrance and its back entrance at various times. As part of his duties for Peraton, BUREAU also had access to the records showing the purchase price amounts for the missing items as well as all other items stored at 460 Herndon Parkway and other company locations.

27. I reviewed internet search history data provided by Peraton for the past 90 days from the work-station of BUREAU. Peraton conducted an internal search based on their own accord for an internal investigation and was not directed on behalf of the U.S. Government. There were approximately 166 hits related to BUREAU querying items on eBay to include the Microsemi S650 SAASM and non SAASM units. Between August 10 and August 17, 2020, BUREAU made a search

on his work computer at least 8 times for the items he asked CD1 to sell on eBay for him. I also reviewed BUREAUS badge swipes to gain access to Peraton locations and there are multiple badge swipes by BUREAU during this timeframe. Based on the number and type of items BUREAU is searching on eBay to sell, I believe that he has more stolen items in his possession. I believe that the three identified stolen items went missing from Peraton, Inc. in and around August 2020 and remained inside of TARGET RESIDENCE 2 until BUREAU dropped them off at CD1's location to be sold.

28. I learned from CD1 on October 12, 2020 that he had spoken to MARTINEZ at a party that weekend and MARTINEZ stated that he still had the stolen equipment at TARGET RESIDENCE 1, waiting for BUREAU to pick it up. I do not believe BUREAU is going to pick the items up because during the initial inventory conducted by Peraton, Inc. search for the missing items, BUREAU was a part of that task since management did not believe that this was an inside job at the time.

## **CONCLUSION**

29.    Based on the following, I believe that there is probable cause for a criminal complaint in support of a search warrant and arrest warrant for crimes related to crimes related to violations of 18 U.S.C. § 641, Theft of United States Government Property and 18 U.S.C. § 371 Conspiracy. I believe that a search of the TARGET RESIDENCE will yield fruits and instrumentalities of a crime as described in attachment B.

_____
Special Agent Michael Gruchacz
Homeland Security Investigations
U.S. Department of Homeland Security

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 via telephone on October 19, 2020.

Digitally signed by Michael S. Nachmanoff
Date: 2020.10.19 13:16:25 -04'00'

_____
The Honorable Michael S. Nachmanoff
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## PREMISES TO BE SEARCHED

15063 Maple Glen Ct, Dumfries, VA is a two-story house with a vinyl facade in the front, dark colored front door and shutters. 15063 is clearly posted the front corner of the house near the chimney.



**ATTACHMENT B**

The items to be searched for and seized are as follows:

1.      Evidence, fruits, and instrumentalities of violations of: 18 U.S.C. § 641, Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; specifically Microsemi S650 SAASM units and non-SAASM units or receivers.

2.      Any and all records including financial information, including tax returns and Internal Revenue Service filings, and any work papers related thereto; bank, credit or securities account statements, applications, deposit tickets, receipts, canceled checks, cashier checks, money orders, wire transfer records, debit/credit memos; financial ledgers, journals, investment records, real estate records, other records of assets; records of or related to contributions, grants or disbursements made or received, and/or allocations; loan records, financial statements, audit work papers, audit reports (or correspondence, transmittals or document related to any of the foregoing) related to the conspiracy.

3.      Records, receipts, and document pertaining to travel between the United States and other countries and travel within the United States.

4.      Records, receipts, and documents pertaining to the transfer of money to, from, and within the United States.

5.       Any and all immigration documents, passports, visas, and documents that could be submitted in behalf of an application for a visa, travel documents, United States and foreign identification documents, identity cards issued by any foreign government, travel records including itineraries and receipt stubs, and airline tickets.

6.      Diaries, organizers, day planners, appointment books, telephone message pads, address books and the like.

7.      All identification documents reflecting the use of an alias, fictitious, or nominee name, including passports, Social Security cards, immigration papers (to include but not limited to green cards, work permits, visa) drivers license (domestic or foreign), and state identification cards (domestic or foreign).

8.      All electronic storage devices and disks, input/output peripheral devices, related software, documentation, and data security devices (including passwords) necessary to ensure the reliable analysis and retrieval of the foregoing electronic and tangible objects by a qualified expert, including any and all cellular telephones.

9. Computers and computer hardware, meaning any and all computer equipment including any electronic, magnetic, optical, or similar computer impulses or data, network equipment and peripherals, the software to operate them, and any data processing hardware.

10. Any and all information and/or data stored in the form of magnetic, digital, or electronic coding on computer media or on media capable of being read by a computer or with the aid of computer related equipment. This media includes but is not limited to floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, videocassettes, and any other media, which is capable of storing magnetic coding.

11. Any and all electronic devices which are capable of analyzing, creating, displaying, converting, or transmitting electronic or magnetic computer impulses or data. These devices include but are not limited to computers, computer components, computer peripherals, word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer related electronic devices.

A) In my training and experience, some cell phone owners "lock" their devices, preventing others from accessing their mobile devices without entering a password, PIN number, pattern lock code, biometrics or other method. I know that accessing "locked" mobile devices can be difficult without the correct password, pattern lock or biometric information. If the items seized are locked with biometric features, such as fingerprints or facial recognition, I believe it may be necessary to place mobile devices on the fingerprints or in front of the facial features of any occupants present in the TARGET RESIDENCE in order to unlock the devices.

B) In my training and experience, an individual who is in possession of a device or has the device among his or her belongings at the time the device is found is likely a user of the device. However, in my training and experience, that person may not be the only user of the device whose biometric features are among those that will unlock the device, and it is also possible that the person in whose possession the device is found is not actually a user of that device at all. Furthermore, in my training and experience, I know that in some cases it may not be possible to know with certainty who is the user of a given device, such as if the device is found in a common area of a premises without any identifying information on the exterior of the device. Thus, it will likely be necessary for law enforcement to have the ability to require any occupant of the TARGET RESIDENCE to press their finger(s) against the sensor of any locked device(s) found during the search of the TARGET RESIDENCE in order to attempt to identify the device's user(s) and unlock the device(s) via biometric features.

12. Any and all instructions or programs stored in the form of electronic or magnetic media, which are capable of being interpreted by a computer, or related components. The items to be seized could include but would not be limited to operating systems, application software, utility programs, compilers, interpreters, and any other programs or software used to communicate with computer programs or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, DSL lines, cable lines, radio or other means of transmission.

13. Any and all written or printed material which provides instructions or examples concerning the operation of a computer system, computer software, and/or any related device.

## ATTACHMENT C

1

2



3


4



5



6



7



8

